UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pablo Urbano,                                           Case No. 3:24-cv-443

            Plaintiff,

            v.                                            MEMORANDUM OPINION
                                                                AND ORDER

Antony Blinken, *et al.*,

            Defendants.

## I.    INTRODUCTION

Plaintiff Pablo Urbano seeks injunctive and declaratory relief in connection with the denial of his passport application as well as the denial of a petition he filed to obtain an immigrant visa for his wife. (Doc. No. 1). Urbano named as Defendants: Antony Blinken, the Secretary of the United States Department of State; Alejandro Mayorkas, the Secretary of the Department of Homeland Security; Ur M. Jaddou, the Director of United States Citizenship and Immigration Services ("USCIS"); and Karyn Zarlenga, the Director of USCIS's Cleveland Field Office.[1] Defendants have moved to dismiss the complaint in part. (Doc. No. 12). Urbano did not file a brief in opposition and the time for him to do so has expired. For the reasons stated below, I grant Defendants' motion.

---

[1] These individuals held those positions at the time of filing. The Clerk of Court shall substitute Marco Rubio in place of Antony Blinken as Secretary of the United States Department of State. Fed. R. Civ. P. 25(d).

## II. BACKGROUND

Urbano alleges he was born in 1990 to Mexican citizens living in New York City. Urbano's mother gave birth to him at home, as she had with her three other children. (Doc. No. 1 at 3-4). He alleges his mother did not know how to obtain a New York birth certificate, so she instead contacted a family member living in Mexico to assist her in obtaining a Mexican birth certificate. (*Id.* at 4). Several years after Urbano's birthday, his mother contacted an immigration lawyer in New York to apply for a New York birth certificate. These efforts were unsuccessful.

Approximately 20 years later, Urbano again attempted to obtain a New York birth certificate. (*Id.* at 5). This time he was successful, and the New York City Department of Health and Mental Hygiene issued him a birth certificate on September 23, 2013. (*Id.*). Urbano applied for a United States passport the following spring but, for reasons that are unclear from the complaint, his application was denied on September 13, 2019. (*Id.*).

A few months before he learned of the denial, on June 7, 2019, Urbano applied for an immigrant visa on behalf of his wife. Urbano and his wife attended an interview at the USCIS Cleveland Field Office as part of the visa application process on September 6, 2022. (*Id.* at 6). At that interview, Urbano was informed that the New York City Department of Health and Mental Hygiene had voided his birth certificate on September 3, 2021, following a "reassessment" of Urbano's application. (*Id.*). The USCIS later denied Urbano's petition for an immigrant visa due to insufficient proof of Urbano's United States citizenship. Urbano subsequently filed suit, alleging Defendants unlawfully denied his passport and immigrant visa applications in violation of 8 U.S.C. § 1503.

## III. STANDARD

Rule 12(b)(1) permits a party to move to dismiss claims alleged against it for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack

on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

Rule 12(b)(6) allows a defendant to seek dismissal a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.  ANALYSIS

Defendants move for the dismissal of all claims and Defendants other than Urbano's claim against Secretary Blinken for a declaratory judgment concerning his citizenship pursuant to 8 U.S.C. § 1503.

Section 1503 provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .

8 U.S.C. § 1503(a).

Without conceding the validity of Urbano's claim against Secretary Blinken, Defendants argue that the only relief Urbano can obtain in this litigation is a declaration that he is a United

3

States national, and that Urbano can only obtain this relief against the head of the State Department – Secretary Blinken. (Doc. No. 12-1 at 7-10). Defendants' arguments are persuasive.

As the Supreme Court has stated, "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 458 (1974). Section 1503(a) does not authorize a plaintiff to sue anyone other than the head of the department which denied the plaintiff a right or privilege due to a United States national, or a court to issue injunctive relief regarding issuance of a passport or approval of an immigrant visa petition.

Other courts to consider similar arguments have reached the same conclusion. *See, e.g., Sanchez v. Clinton*, No. CIV.A. H-11-2084, 2012 WL 208565 (S.D. Tex. Jan. 24, 2012), *aff'd sub nom. Sanchez v. Kerry*, 648 F. App'x 386 (5th Cir. 2015) (holding plaintiff's only potential remedy for alleged wrongful denial of passport application due to insufficient evidence of citizenship was declaratory judgment pursuant to § 1503(a)); *Dorantes v. Tillerson*, No. 1:16-CV-00268, 2017 WL 7794607 (S.D. Tex. Mar. 22, 2017) (same); *Martinez v. Limon*, No. 1:17-CV-00238, 2018 WL 11274054 (S.D. Tex. Apr. 10, 2018) (same).

I conclude Urbano has not established that this court has subject matter jurisdiction to grant his request for injunctive relief and that he fails to state a claim upon which relief may be granted against Defendants Mayorkas, Jaddou, or Zarlenga.

## V. CONCLUSION

For the reasons stated above, I grant Defendants' partial motion to dismiss. (Doc. No. 12). I dismiss Urbano's claim for injunctive relief for lack of subject matter jurisdiction and dismiss his claims against Defendants Mayorkas, Jaddou, or Zarlenga for failure to state a claim for relief. Urbano's sole remaining claim is for a declaration of his citizenship pursuant to 8 U.S.C. § 1503.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge